FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 MAR 30 PM 3:39

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Justina R. Scott,

    **Plaintiff,**

v.

Commissioner of Social Security,

    **Defendant.**

Case No. 2:15–cv–3085
Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff objects to the Magistrate Judge's Report and Recommendation ("R&R") dated October 31, 2016, ECF No. 21. In the R&R, ECF No. 20, Magistrate Judge Kemp recommended that the Court overrule Plaintiff's Statement of Specific Errors, in which Plaintiff challenged the Commissioner of Social Security's (the "Commissioner") decision to deny Plaintiff's application for supplemental security income.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

### I. BACKGROUND

Plaintiff applied for benefits on September 25, 2012, alleging that she became disabled on April 1, 2006. After Plaintiff's initial application was denied, an administrative law judge ("ALJ") held a hearing on Plaintiff's application. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). That decision became final on October 30, 2015, when

the Appeals Council denied review.

Plaintiff subsequently filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Magistrate Judge Kemp analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff now objects to Magistrate Judge Kemp's conclusions in the R&R.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C–1–09–618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438

(2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

The Court must analyze Plaintiff's objections in light of the standard of review in social security cases, which Magistrate Judge Kemp correctly set forth in the R&R:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "'more than a mere scintilla.'" *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439–440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Secretary of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

R&R 8–9, ECF No. 20.

### B. Plaintiffs' Objections

Plaintiff makes two objections to the R&R: (1) that Magistrate Judge Kemp erred by finding that the ALJ's residual functional capacity ("RFC") determination

was supported by substantial evidence and that the ALJ adequately explained her reasoning; and (2) by rejecting Plaintiff's request to remand this case due to the ALJ's consideration of state-agency physicians' opinions that relied on a medical opinion that was not included in the record. The Court addresses each objection in turn.

### 1. First Objection

The ALJ found that Plaintiff has the RFC "to perform simple, routine, repetitive tasks with only routine changes in the work setting and could not be held to strict production quotas or do fast-paced work, and she could have only occasional interaction with the public and coworkers." R&R 6, ECF No. 20. Plaintiff argued in her Statement of Specific Errors that the RFC failed to account for consultative examiner Dr. Sisson's comments that "Plaintiff could only maintain attention and concentration, and avoid anger outbursts, on a time-limited basis, and needed to be redirected to her tasks by appropriate supervision." *Id.* at 8 (summarizing Statement of Specific Errors at 8–9, ECF No. 11). Plaintiff specifically argued that the ALJ purported to give Dr. Sisson's opinions great weight but did not explain her reasoning in disregarding these specific findings. The Commissioner responded to Plaintiff's argument by noting that the ALJ gave "great weight" rather than "controlling weight" to Dr. Sisson's opinion, such that the ALJ never indicated that she was adopting Dr. Sisson's report in its entirety, and that Plaintiff misinterprets Dr. Sisson's opinion in

arguing that the ALJ failed to incorporate certain parts of that opinion. Stated differently, the Commissioner argued that the ALJ reasonably interpreted Dr. Sisson's opinion in making the RFC determination.

Magistrate Judge Kemp agreed with the Commissioner, finding that the ALJ properly articulated her reasoning and that substantial evidence supports the ALJ's RFC determination. The Court agrees. As Magistrate Judge Kemp noted, the ALJ specifically discussed Dr. Sisson's opinion in the specific RFC section of her written opinion. *See* R. 74, ECF No. 8. The Court agrees with Magistrate Judge Kemp that the ALJ's written opinion adequately articulates her reasoning path. At bottom, Plaintiff's argument is not that the ALJ ignored certain portions of Dr. Sisson's report but that the ALJ misinterpreted Dr. Sisson's opinions as a whole when making her RFC determination. Because substantial evidence supports the RFC determination, including but not limited to the state-agency reviewers' interpretation of Dr. Sisson's report, the Court finds no error by Magistrate Judge Kemp in this regard.

The Court accordingly **OVERRULES** Plaintiff's first objection to the R&R.

2. *Second Objection*

Plaintiff next objects on the ground that Magistrate Judge Kemp erred by failing to remand this case because the state-agency reviewers relied, at least in part, on an earlier opinion by Dr. Sisson that was not included in the administrative record. Magistrate Judge Kemp found that the ALJ's failure to

include Dr. Sisson's earlier report in the record was harmless because it is was unlikely to affect the ALJ's ultimate RFC determination. In objecting to this conclusion, Plaintiff argues that the ALJ should have included Dr. Sisson's earlier report in the record. Plaintiff does not directly address in her objection the issue of whether the ALJ's failure to do so was harmless error.

Having reviewed the relevant portions of the record and Plaintiff's argument in her Statement of Specific Errors, the Court finds no error by Magistrate Judge Kemp on this issue. Dr. Sisson authored two reports in one year (February 6, 2012, and December 3, 2012), only the second of which was included in the record. The state-agency reviewers summarized Dr. Sisson's opinions in their reports. *See* R. 108, 126, ECF No. 8. Plaintiff does not identify any material differences between Dr. Sisson's February report and December report that is likely to have changed the ALJ's RFC determination. Nor does Plaintiff persuasively respond to the Commissioner's argument that, even if the February report was more restrictive than the December report, that fact would support a finding that Plaintiff's symptoms were improving and did not last for twelve months beyond the application date.

In short, Plaintiff's form-over-substance argument does not support remand in this case. The Court accordingly **OVERRULES** Plaintiff's second objection to the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 21, **AFFIRMS AND ADOPTS** the R&R, ECF No. 20, and **DISMISSES** Plaintiff's complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**